# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-775V
**Filed: April 26, 2016**

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
JILL BUCHIGNANI-CALWHITE,              *
                                       *
            Petitioner,                *
                                       *
v.                                     *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
                                       *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

UNPUBLISHED

Special Master Gowen

Attorneys' Fees and Costs.

Diana Stadelnikas Sedar, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 25, 2014, Jill Buchignani-Calwhite ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza vaccination on or about November 2, 2012, she suffered Transverse Myelitis. Stipulation for Award at ¶ 2, 4, filed Dec. 2, 2015. On December 2, 2015, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On December 3, 2015, the undersigned issued a decision adopting the parties'

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

stipulation for an award.  See Decision on J. Stip., filed Dec. 3, 2015.

On April 7, 2016, petitioner filed an application for attorneys' fees and costs. Petitioner requests a total award of attorneys' fees and costs in the amount of $14,520.82. Application for Fees and Costs at ¶ 2. In accordance with General Order #9, petitioner represents that she did not incur any reimbursable costs in pursuit of this claim. Id. at ¶ 3.

On April 21, 2016, respondent filed a response to petitioner's application for attorneys' fees and costs, indicating that "respondent does not object to the overall amount sought, as it is not an unreasonable amount to have incurred for proceeding in this case to date." Response at 1, filed Apr. 21, 2016. Respondent further stated that her "lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id.

The undersigned has reviewed the billing records and documentation of costs, and finds them reasonable. The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Diana Stadelnikas Sedar, of Maglio Christopher & Toale, PA, in the amount of $14,520.82.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.